Folger, J., in Holyoke v. Adams, 59 N. Y., at page 237, says:

"So that it comes to this: That generally a defendant has a right to set up, by supplemental answer, matter of defense which has occurred or come to his knowledge subsequently to the putting in of his first answer, but that he must apply to the court, by motion, for leave so to do, so that the opposite party may be heard, and the court may determine whether there has been unexcusable laches, or whether any of the reasons appear which are recognized as giving authority for denying the exercise of the general right in the particular instance. And the court must grant leave, unless the motion papers show a case in which the court may exercise a discretion as to granting or withholding leave."

The question, then, is, was the order appealed from a discretionary order, or did the facts of the case warrant the exercise of the discretionary power of the court? For, if it did, this order should be affirmed. We do not think that the facts of this case showed the defendant guilty of laches in making his motion after the occurrence of the facts desired to be pleaded in his supplemental answer, nor do we think the payment of the money to the marshal under a proper process of law bad faith. A demand being made by the officer, and the defendant having the money in his possession, which, by his original answer, he admitted belonged to the plaintiff, he was justified in paying it over, and had a right to set up such fact by supplemental answer in order to reduce the amount of the plaintiff's recovery. Spears v. Mayor, etc., 72 N. Y. 444. For these reasons this order appealed from should be reversed, with costs, and the defendant allowed to serve a supplemental answer on payment to plaintiff of $10. All concur.

---

GENOVESE v. MATELLI et al. (No. 2.)

(City Court of New York, General Term. May 18, 1894.)

Appeal from special term.

Action by Desiderio Genovese against Rizieri Matelli and another. From an order denying a motion for leave to serve a supplemental answer, defendant Virgilio Del Genovese appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

F. H. Wilson, for appellant.
Gilbert Elliott, for respondents.

McCARTHY, J. The facts being identical with those set out in action No. 1 (see opinion), 28 N. Y. Supp. 754, the order appealed from herein is reversed, with costs, and the defendant allowed to serve a supplemental answer, on payment of $10 costs. All concur.

---

(8 Misc. Rep. 499.)

BERNARD v. UNITED LIFE INS. ASS'N.

(City Court of New York, General Term. May 18, 1894.)

1. LIFE INSURANCE—FALSE STATEMENTS IN APPLICATION.
Where the application contains a warranty of the truth of all the answers to questions therein, and states that the person taking the application